UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
MILICA J. STETS,

                Plaintiff,                              Civ.

- against -

                                                **COMPLAINT**

Mary Ann STETS, Individually and as
Attorney-in-Fact for DANIEL J. STETS, Deceased,

                Defendants.
------------------------------------------X

Plaintiff MILICA J. STETS, as and for her Complaint, by her attorneys, JULES MARTIN HAAS, ESQ., and NOVICK & ASSOCIATES, P.C., respectfully alleges, as follows:

## THE PARTIES

1. Plaintiff MILICA J. STETS is a citizen of the State of New York residing at 61 Euclid Avenue, Brooklyn, NY 11208.

2. Defendant MARY ANNE STETS ("Mary Anne") is a citizen of the State of Connecticut residing at 369 Tugawonk Road, Stonington, CT 06378.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1).

4. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This controversy concerns living individuals.

2

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

7. Plaintiff, Milica J. Stets ("Milica") is the surviving spouse of Daniel Joseph Stets a/k/a Daniel J. Stets ("Daniel").

8. Daniel entered into a contractual relationship with Bloomberg L.P. and was the sole owner of a Bloomberg L.P. 401(k) plan ("401(k)") which named Milica as the sole beneficiary. (**Exhibit A** at p.4).

9. On or about February 26, 2014, Milica commenced an action for divorce against Daniel by the filing in Supreme Court, New York County, Index No: 302237-2014 (the "Divorce Action").

10. Upon information and belief, Milica caused to be served upon Daniel, simultaneously with the service of the Summons in the divorce action, a copy of the automatic orders set forth in Domestic Relations Law Section 236, Part B, subdivision 2, paragraph b. Subparagraph (2) of said statute provides:

> *Neither party shall transfer, encumber, assign, remove, withdraw or in any way dispose of any tax deferred funds, stocks or other assets held in any individual retirement accounts, 401k accounts, profit sharing plans, Keogh accounts, or any other pension or retirement account, and the parties shall further refrain from applying for or requesting the payment of retirement benefits or annuity payments of any kind, without the consent of the other party in writing, or upon further order of the court.*

11. On October 2, 2014, Daniel purportedly executed a Power of Attorney New York Statutory Short Form ("Power of Attorney") appointing Mary Ann as his

attorney-in-fact. (**Exhibit B**). The effective date of the Power of Attorney was not contingent upon Daniel's incapacity and it granted the attorney-in-fact all powers represented by Sections 5-1502A through 5-1502N of the New York General Obligations Law upon execution.

12. Daniel did not execute a Statutory Gifts Rider ("SGR") to the Power of Attorney pursuant to Paragraph (h).

13. Mary Ann executed Paragraph (o) of the Power of Attorney on February 23, 2016. However, unlike the person taking Daniel's acknowledgment, the person taking Mary Ann's acknowledgment did not provide his or her official seal or title of his or her office, as required by Conn. Gen. Stat. Ann. §1-35 (2013) ("The certificate of the acknowledging officer shall be completed by his signature, his official seal if he has one, the title of his office and, if he is a notary public, the date his commission expires.").

14. Notwithstanding the defective acknowledgment, Mary-Ann has acted as Daniel's attorney-in-fact since February 23, 2016, by virtue of the Power of Attorney.

15. Upon information and belief, on or about October 1, 2016 Daniel suffered one or more debilitating strokes that rendered Daniel physically and mentally incapacitated. Daniel was continuously hospitalized at New York University Hospital, in New York City, New York, due to this condition which continued until the time of his death on November 7, 2016.

16. On October 27, 2016, Mary Ann sent a letter together with an original Affidavit

as to Power of Attorney sworn to on October 20, 2016 and a copy of the Power of Attorney requesting information concerning the 401(k), including the identity of "all beneficiaries listed on the accounts." **(Exhibit C).**

17. Upon information and belief, sometime between October 31, 2016 and November 2, 2016, Mary Ann used the Power of Attorney to direct Bloomberg, L.P to liquidate the 401(k).

18. Upon information and belief, between October, 2016 and November 7, 2016, Daniel was incapacitated as the result of multiple strokes.

19. On or about November 2, 2016, Bloomberg L.P. issued check No.0000343755 payable to Daniel Stets in the amount of $447,102.90. **(Exhibit D).**

20. Upon information and belief, the value of the 401(k) prior to the issuance of check No.0000343755 was approximately $559,000.00, the difference attributable to mandatory 20% withholding tax.

21. On or about November 3, 2016, Mary Ann endorsed check No.0000343755 "BY MARY ANNE STATES ATTORNEY IN FACT" and deposited the check in Israel Discount Bank of New York, Account No.-4254, in a branch located in the State of New York.

22. Upon information and belief, Israel Discount Bank of New York Account No.-4254 was an account titled in Mary Ann's name or an account titled in Daniel's name designating Mary Ann as the beneficiary.

23. Daniel died on November 7, 2016 a resident of New York State.

-5-

24. At the time of Daniel's death, Milica and Daniel were husband and wife.

25. Mary Ann has wrongfully refused to deliver the proceeds of check No.0000343755 to Milica.

### AS AND FOR A FIRST CAUSE OF ACTION: CONVERSION

26. Milica repeats and realleges the allegations contained in paragraph 1 through 25 of the Verified Complaint as if fully set forth herein.

27. By virtue of the beneficiary designation on the 401(k), Daniel intended Milica to be the sole recipient of the 401(k) upon his death.

28. Mary Ann used the Power of Attorney to wrongfully interfere with Milica's immediate right to receive the proceeds of the 401(k).

29. Mary Ann has an obligation to return the proceeds of the 401(k) to Milica.

30. Mary Ann submitted a pleading entitled "Application for Preliminary Letters Testamentary" in the New York County Surrogate's Court, supported by oath and designation, which listed the Decedent's assets at the time of his death on November 7, 2016. (**Exhibit E**).

31. The Decedent's assets listed by Mary Ann in the Preliminary Letters Testamentary application does not include the 401(k) or the proceeds of the 401(k) among Daniel's testamentary assets.

32. Upon information and belief, Mary Ann deposited the proceeds from the 401(k) in an account in which she had an interest, either as co-owner, beneficiary, or

both, to the exclusion of Milica, Daniel's stated intended beneficiary of the 401(k).

33. Mary Ann's unwarranted liquidation of the 401(k) deprived Milica of the ability to 'roll over' the funds and enjoy the benefits of tax-free investment growth within the 401(k).

34. Mary Ann's unwarranted liquidation of the 401(k) triggered adverse tax consequences, including but not limited to withholding and early withdrawal penalties.

35. Mary Ann's unwarranted liquidation of the 401(k) is an unlawful assumption and exercise of ownership rights and dominion over Milica's rights and interests in the 401(k).

36. Milica's rights as sole beneficiary of the 401(k) are superior to the claims of any other person or entity.

37. Due to Mary Ann's conversion, Milica has been damaged in an amount not expected to be less than $559,000.00, plus interest, penalties, costs, disbursements and legal fees.

## AS AND FOR A SECOND CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY

38. Milica repeats and realleges the allegations contained in paragraph 1 through 37 of the Verified Complaint as if fully set forth herein.

39. Mary Ann purported to act as Daniel's attorney-in-fact pursuant to the October 2, 2014 Power of Attorney.

40. The Power of Attorney, if valid, created a confidential and fiduciary relationship between Mary Ann and Daniel.

41. The Power of Attorney, if valid, provided Mary Ann authority over the entirety of Daniel's personal property.

42. As his purported attorney-in-fact, Mary Ann owed Daniel a fiduciary duty of utmost good faith, undivided loyalty, morality and fair dealing with respect to the utilization of the Power of Attorney for the benefit of the principal, his stated intention with respect to the beneficiaries of his assets and to his beneficiaries.

43. The Power of Attorney did not contain an authorization permitting gifts of Daniel's property to Mary Ann or a third party.

44. Mary Ann breached her fiduciary duty by liquidating the 401(k).

45. Mary Ann's self-dealing with respect to the liquidation of the 401(k) impaired, defeated and injured Daniel's rights and Milica's rights as the intended stated beneficiary of the 401(k) and are voilative of the automatic stay provisions of DRL §236B.

46. Due to Mary Ann's breach of fiduciary duty, Milica has been damaged in an amount not expected to be less than $559,000.00, plus interest, penalties, costs, disbursements and legal fees.

### AS AND FOR A THIRD CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH CONTRACT

47. Milica repeats and realleges the allegations contained in paragraph 1 through 46

of the Verified Complaint as if fully set forth herein.

48. The 401(k) was a valid contractual relationship between Daniel and Bloomberg L.P.

49. Milica was the sole intended beneficiary of the 401(k).

50. Mary Ann obtained information about the 401(k) from Bloomberg, L.P. by utilizing the powers purportedly granted to her in the Power of Attorney.

51. Upon learning of the beneficiary of the 401(k) was Milica, Mary Ann directed Bloomberg, L.P., to liquidate the 401(k).

52. The liquidation of the 401(k) was not to benefit Daniel, and resulted in adverse tax consequences due to the early termination of the 401(k).

53. Mary Ann intentionally and improperly procured a breach of the terms of the 401(k), thereby depriving Milica of her rights as sole beneficiary of the contract.

54. Due to Mary Ann's tortious interference with contract, Milica has been damaged in an amount not expected to be less than $559,000.00, plus interest, penalties, costs, disbursements and legal fees.

### AS AND FOR A FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

55. Milica repeats and realleges the allegations contained in paragraph 1 through 54 of the Verified Complaint as if fully set forth herein.

56. In the alternative, if it is determined that the 401(k) is not a contract, Milica asserts that Mary Ann was enriched due to her procurement of the proceeds

from the 401(k), that such enrichment came at Milica's expense and that it is against equity and good conscience to permit Mary Ann to retain the proceeds of the 401(k) without restitution to Milica.

57. Due to Mary Ann's unjust enrichment, Milica has been damaged in an amount not expected to be less than $559,000.00, plus interest, penalties, costs, disbursements and legal fees.

### AS AND FOR A FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT

58. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 57 of the Verified Complaint as if fully set forth herein.

59. Pursuant to the automatic stay provisions of DRL §236B(2)(b), parties to a pending divorce proceeding are enjoined from transferring, encumbering, assigning, removing, withdrawing or otherwise disposing of any 401(k) account or other pension or retirement account.

60. Upon information and belief, on or about February 26, 2014, Milica caused to be served upon Daniel a copy of the automatic stay provisions of DRL §236B(2)(b) simultaneously with the service of the complaint in the pending Divorce Action in the Supreme Court, New York County, Index No: 302237-2014.

61. Upon information and belief, the automatic stay provisions are binding upon Daniel, his agents, personal representatives and assigns.

62. Upon information and belief, no agreement, stipulation, contract, Court Order or

Decree was entered or executed altering or opting out of the automatic stay provisions of DRL §236B(2)(b).

63. Mary Anne's liquidation of the 401(k) virtue of the Power of Attorney, which did not include a properly executed statutory gifts rider, violated the automatic stay provisions of DRL §236B(2)(b).

64. By reason of the foregoing, an actual and justiciable controversy exists between Milica and MaryAnne. Plaintiff therefore seeks a declaratory judgment that the aforementioned liquidation of the 401(k) be declared null, void and without effect and that the beneficiary of the 401(k) is Milica.

**WHEREFORE**, plaintiff respectfully prays for judgment as follows:

*On the First Cause of Action* - damages for breach of contract, not expecting to be less than $559,000.00, plus interest, penalties, costs, disbursements and fees.

*On the Second Cause of Action* - damages for breach of fiduciary duty, not expecting to be less than $559,000.00, plus interest, penalties, costs, disbursements and fees.

*On the Third Cause of Action* - damages for tortious interference with contract, not expecting to be less than $559,000.00, plus interest, penalties, costs, disbursements and fees.

*On the Fourth Cause of Action* - damages for unjust enrichment, not expecting to be less than $559,000.00, plus interest, penalties, costs, disbursements and fees.

*On the Fifth Cause of Action* - a declaratory judgment that the aforementioned liquidation of the 401(k) be declared null, void and without effect and that the beneficiary of the 401(k) is Milica.

*On All Causes of Action* - Such other and further relief as the Court deems just and proper including the costs and disbursements of this action, interest and attorneys fees.

## JURY DEMAND

65. Plaintiff demands a jury trial.

Dated:   New York, New York
         March 2, 2018

_____
Jules Martin Haas, Esq.
*Co-Counsel for Milica J. Stets*
845 Third Avenue, Suite 1400
New York, NY 10022
Tel: (212) 355-2575
Email: Jules.Haas@verizon.net

_____
Novick & Associates, P.C.
*Co-Counsel for Milica J. Stets*
By: Donald Novick, Esq.
202 East Main Street, Suite 208
Huntington, New York 11743
Tel: (631) 547-0300
Email: dnovick@novicklawgroup.com