UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MILICA J. STETS,

               Plaintiff,

      v.

MARY ANN STETS, individually and as attorney-in-fact for DANIEL J. STETS, deceased; and DANIEL JOSEPH STETS FAMILY TRUST,

               Defendants.

**REPORT AND RECOMMENDATION**
18-CV-1401-RPK-SJB

**BULSARA, United States Magistrate Judge:**

Plaintiff Milica J. Stets ("Milica") commenced this action to recover the proceeds from her late husband's 401(k). (Compl. dated Mar. 2, 2018 ("Compl."), Dkt. No. 1, ¶¶ 17, 19–25). Milica alleges that her late husband's sister, Mary-Anne Stets[1] ("Mary-Anne"), misappropriated the 401(k) proceeds in violation of New York State law. (*Id.* ¶¶ 26–57). She names three defendants: Mary-Anne individually; Mary-Anne as the attorney-in-fact for her late husband, Daniel J. Stets ("Daniel"); and the Daniel Joseph Stets Family Trust (the "Trust"), of which Mary-Anne is a trustee. (Stip. dated Oct. 3, 2018 ("Am. Compl. Stip."), Dkt. No. 20). Milica alleges this Court has subject-matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332(a)(1). (Compl. ¶ 3). For the reasons detailed below, the Court concludes that diversity jurisdiction is absent and respectfully recommends the action be dismissed without prejudice.

---

[1] The Complaint spells Mary-Anne's name "Mary Ann Stets," among other variations. This Report and Recommendation adopts the spelling in Mary-Anne's Answer, "Mary-Anne Stets."

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2014, Milica sued her husband, Daniel, for divorce. (*Id.* ¶ 9; Answer dated May 10, 2018 ("Mary-Anne's Answer"), Dkt. No. 15, ¶ 9). At the time, among Daniel's assets was a 401(k) administered by Bloomberg L.P. (Compl. ¶ 8). Milica was the sole beneficiary. (*Id.*). In October, Daniel appointed his sister, Mary-Anne, as his "attorney-in-fact" using a power of attorney form. (*Id.* ¶ 11; Mary-Anne's Answer ¶ 11; *see* N.Y. Statutory Short Form Power of Attorney dated Oct. 2, 2014 ("Power of Attorney"), attached as Ex. B to Compl., Dkt. No. 1). Milica alleges that although the power of attorney was not properly acknowledged, (Compl. ¶¶ 13–14), Mary-Anne "has acted as Daniel's attorney-in-fact since February 23, 2016," (*id.* ¶ 14). In late October or early November of 2016, Mary-Anne directed Daniel's employer to liquidate his 401(k). (*Id.* ¶ 17; Mary-Anne's Answer ¶ 17). Bloomberg L.P. issued Daniel a check, which Mary-Anne endorsed ("BY MARY ANNE STATES [sic] ATTORNEY IN FACT") and deposited into an account either in hers or Daniel's name. (Compl. ¶¶ 19–22). (She later revised her assertion, by unsworn letter, to assert that "Defendant liquidated the 401(k) using a power of attorney and deposited the funds into an account in the name of Daniel Stets" and "subsequently withdrew the funds and deposited them into an account in the name of the Daniel Joseph Stets Family Trust." (Letter dated Jan. 14, 2020, Dkt. No. 27)). Daniel died on November 7, 2016. (Compl. ¶¶ 15, 23; Mary-Anne's Answer ¶ 15). Mary-Anne filed an Application for Preliminary Letters Testamentary in New York County Surrogate's Court on December 2, 2016, asking to be named the preliminary executor of Daniel's estate. (Compl. ¶ 30; Mary-Anne's Answer ¶ 30; Application for Preliminary Letters Testamentary dated Dec. 2, 2016 ("Application"), attached as Ex. E to Compl., Dkt. No. 1, at 1). On the Application, neither the 401(k) nor

its proceeds were listed as testamentary assets. (Compl. ¶ 31; Mary-Anne's Answer ¶ 31; Application at 3).

Milica asserts four state-law claims arising from Mary-Anne's alleged misappropriation of Daniel's 401(k): conversion, breach of fiduciary duty, tortious interference with contract, and unjust enrichment. (Compl. ¶¶ 26–57). She also seeks a declaratory judgment that Mary-Anne's liquidation of Daniel's 401(k) violated the terms of the automatic stay mandated by their divorce proceedings. (*Id*. ¶¶ 58–63).[2]

Milica is a resident of Brooklyn, New York. (*Id*. ¶ 1). Mary-Anne is a resident of Stonington, Connecticut. (Compl. ¶ 2; Mary-Anne's Answer ¶ 2). Daniel was a resident of New York when he died. (Compl. ¶ 23; Mary-Anne's Answer ¶¶ 23, 78). Mary-Anne is sued individually and as attorney-in-fact for Daniel. (Am. Compl. Stip.). The Complaint was amended on November 27, 2018, to include the Daniel Joseph Stets Family Trust (the "Trust"), by its trustee, Mary-Anne, as a defendant. (Order dated Nov. 27, 2018; *see also* Am. Compl. Stip.). The "Trust is a revocable trust established by Daniel." (Defs.' Req. for Pre-Mot. Conference dated Mar. 11, 2019, Dkt. No. 24, at 1). Daniel was also the Trust beneficiary during his lifetime. (*Id*. at 2).

On March 11, 2019, Mary-Anne and the Trust filed a request for a pre-motion conference, seeking to move to dismiss for lack of diversity jurisdiction. (*Id*. ("Daniel was and Plaintiff is a citizen of New York. Because diversity is lacking, this suit must be dismissed.")). On January 6, 2020, the Court ordered Milica to "file a supplemental letter, not to exceed three pages, addressing the legal and factual bases on which she intends to reply in opposing defendants' proposed motion for lack of diversity

---

[2] Milica and Daniel's divorce was not finalized before Daniel passed away. (Compl. ¶ 24; Mary-Anne's Answer ¶¶ 73–74).

jurisdiction." (Order dated Jan. 6, 2020). Milica filed a letter in response, which stated that "[t]he defendants are Mary Anne Stets individually, as attorney in fact for Daniel Stets and the Daniel Stets Family Trust dated October 2, 2014." (Letter dated Jan. 13, 2020, Dkt. No. 26, at 1). "[Mary-Anne] was the agent of Daniel Stets . . . and the trustee of his trust." (*Id.* at 2). On August 16, 2020, this Court issued an Order to Show Cause which directed the parties "to file briefs . . . to explain why this Court has subject-matter jurisdiction over this action." (Order to Show Cause dated Aug. 16, 2020).

In their most recent submissions, all parties contend that this Court has subject-matter jurisdiction. In a reversal from their earlier position, Defendants now contend that this Court has subject-matter jurisdiction, (Defs.' Mary-Anne Stets and the Daniel Joseph Stets Family Trust's Mem. of Law in Resp. to August 16, 2020 Order to Show Cause dated Aug. 21, 2020 ("Defs.' Mem."), Dkt. No. 32, at 5), but also acknowledge that diversity exists only "to the extent [Milica]'s claims against Mary-Anne . . . are *not [against her] in her representative capacity*," (*id.* at 2–3 (emphasis added)). Milica, for her part, states that the four state-law claims were brought against Mary-Anne in her representative capacity because she was "attorney-in-fact" for Daniel. (Pl.'s Mem. of Law dated Aug. 21, 2020 ("Pl.'s Mem."), Dkt. No. 33, at 3–4).

## DISCUSSION

This Court has an independent obligation to ensure that subject-matter jurisdiction exists. *See Aretakis v. First Fin. Equity Corp.*, No. 14-CV-3888, 2014 WL 5499545, at *2 (E.D.N.Y. Oct. 30, 2014) ("Even without a challenge from any party, federal courts have an independent obligation to determine whether subject matter jurisdiction exists.").

A federal district court has subject-matter jurisdiction over a civil action where

4

the amount in controversy exceeds $75,000, exclusive of interests and costs, and "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a)(1)'s requirement that the parties be "citizens of different States" is a "complete" diversity requirement. That is, all the parties on one side of the case must be citizens of a different state from all the parties on the other side. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Id.* Complete diversity need only exist at the time of commencement of the lawsuit; subsequent events do not defeat diversity jurisdiction. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

"The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations or if the court *sua sponte* raises the question." *Linardos*, 157 F.3d at 947 (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936)). "It is also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire & Marine*, 409 F.3d at 80. Courts must dismiss actions for lack of jurisdiction where the plaintiff pleads diversity jurisdiction but fails to make any factual allegations regarding the citizenship of the parties. *E.g.*, *SNH Med. Office Props. Tr. v. Farley, Holohan & Glockner, LLP*, No. 18-CV-1362, 2018 WL 3202075, at *1 (E.D.N.Y. Mar. 6, 2018) (holding that, where plaintiff business trust failed to allege the citizenship of its members, "the allegations in the complaint appear insufficient to plead diversity

5

jurisdiction").

There are four parties to this litigation: Milica, Mary-Anne individually, Mary-Anne as "attorney-in-fact" for Daniel, and the Trust. The citizenship of each party is addressed below. As explained below, diversity is absent because Mary-Anne, as "attorney-in-fact" for Daniel, and Milica are both citizens of New York. Separately, Milica has failed to establish the citizenship of the Trust and, as a result, has not met her burden to demonstrate the Court has jurisdiction. Thus, the Court respectfully recommends that the action be dismissed without prejudice.

Milica

"For purposes of diversity jurisdiction," an individual's citizenship is determined by her "domicile." *Linardos*, 157 F.3d at 948. An individual is domiciled in her "true fixed home and principal establishment," where, "whenever [s]he is absent, [s]he has the intention of returning." *Id.* (quoting 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 2020)). Milica alleges she is a citizen of New York, (Compl. ¶ 1), which Defendants do not dispute, (s*ee* Defs.' Mem.). Thus, the Court concludes she is a citizen of New York.

Mary-Anne Individually and as Attorney-in-Fact for Daniel

"The general rule" in federal court is that, in examining whether diversity exists, "'courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists.'" *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998) (quoting *N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990)). Courts must look to the citizenship of the "real and substantial parties to the controversy," not the "nominal or formal parties." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). Parties who

6

function as "mere conduits" for others are not "real and substantial parties." *See id.* at 465 (quoting *McNutt ex rel. Leggett v. Bland*, 43 U.S. (2 How.) 9, 13–14 (1844)). As such, where a party is sued individually and in her representative capacity for another, she is considered to be a citizen of the state where she is domiciled *and* where the party she represents is domiciled. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (Sotomayor, J.) ("[W]hile Kronman (in his individual capacity) is a citizen of New York, Kronman (in his capacity as Partner Representative) is, for diversity purposes, deemed to have the citizenship of all the limited partners he represents, including those from Florida."); *see also Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) ("Where a party sues or is sued in a representative capacity, however, its legal status is regarded as distinct from its position when it operates in an individual capacity.").

This same principle applies to individuals sued as attorneys-in-fact. *E.g.*, *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. Truck Ins. Exch.*, 979 F. Supp. 155, 161 (E.D.N.Y. 1997) (concluding that a party acting as managing agent and attorney-in-fact for a group of insurers had citizenship of the insurers), *aff'd in relevant part*, 173 F.3d 843 (2d Cir. 1999); *see also Wong ex rel. Yueh-Lan Wang v. New Mighty U.S. Tr.*, 843 F.3d 487, 496 n.19 (D.C. Cir. 2016) (noting that attorney-in-fact has the same citizenship of the individual he represents); *N.Y. Life Ins. Annuity Corp. v. Ashworth*, No. 12-CV-215, 2014 WL 12717647, at *1, *3 n.2 (D. Vt. Apr. 7, 2014) (noting that defendant, who was named attorney-in-fact for the decedent pursuant to a power of attorney and administratrix of her estate was a citizen of the decedent's home state); *Arnold ex rel. Arnold v. NHC Healthcare/Bristol, LLC*, No. 14-CV-20, 2014 WL 2584664, at *2 (W.D. Va. June 10, 2014) (dismissing complaint for lack of subject-matter jurisdiction where

plaintiff failed to include "sufficient allegations of the citizenship of the parties" and noting that, in suit by plaintiff given power of attorney, diversity of citizenship is lacking if represented party and defendant are domiciled in the same state).

It is undisputed that Mary-Anne is domiciled in and a citizen of Connecticut. (Compl. ¶ 2; Mary-Anne's Answer ¶ 2). Thus, in her individual capacity, Mary-Anne is a citizen of Connecticut. But Mary-Anne is also sued in her capacity as attorney-in-fact for Daniel. Daniel executed a New York Statutory Short Form Power of Attorney. Milica sues Mary-Anne for actions taken pursuant to that document and authority, (*e.g.*, Compl. ¶¶ 28 ("Mary Ann used the Power of Attorney to wrongfully interfere with Milica's immediate right to receive the proceeds of the 401(k)."), 39 ("Mary Ann purported to act as Daniel's attorney-in-fact pursuant to the October 2, 2014 Power of Attorney."), 50 ("Mary Ann obtained information about the 401(k) from Bloomberg, L.P. by utilizing the powers purportedly granted to her in the Power of Attorney.")), and in her supplemental briefing, she reiterated that she alleges claims against Mary-Anne in this representative capacity, (*see* Pl.'s Mem. at 3–4).

Where "[t]he attorney-in-fact appointed through a power of attorney is the alter ego of the principal and when acting within the authority so granted, the acts are the acts of the principal." Tracey Bateman et al., N.Y. Jur. *Agency* § 76 (2020); *Antoine v. Am. Sec. Ins. Co.*, No. 18-CV-5850, 2020 WL 606620, at *7 (E.D.N.Y. Feb. 7, 2020) ("A power of attorney authorizes another party—an 'agent'—to act in the stead of another—the 'principal'—as his or her attorney in fact."); *Israel v. State of New York*, No. 16-CV-8541, 2020 WL 3643046, at *21 (S.D.N.Y. Feb. 4, 2020) ("In New York, a duly executed power of attorney is simply a grant of agency, permitting the designated agent, known as an 'attorney in fact,' to act on behalf of the principal in accordance with its terms, and

8

imposing a corresponding fiduciary duty upon the agent."), *report and recommendation adopted*, 2020 WL 3640012 (July 6, 2020); *see also* 6A Wright & Miller et al., *supra*, § 1553 ("[A] person who is an attorney-in-fact . . . is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of the principal rather than in the agent's own name[.]").[3] In other words, when Mary-Anne took the actions alleged in the Complaint—including endorsing a check as Daniel's "attorney in fact" pursuant to the power of attorney—she was acting as Daniel, not herself. *E.g.*, *Heine v. Newman, Tannenbaum, Helpern, Syracuse & Hirschtritt*, 856 F. Supp. 190, 194 (S.D.N.Y. 1994) ("It is undisputed that Heine executed a power of attorney, in favor of Ashley, giving Ashley the power to take all steps and execute any and all documents in connection with the sale of the condominium. Accordingly, Ashley was acting as Heine's alter-ego." (quotation and citation omitted)), *aff'd*, 50 F.3d 2 (2d

---

[3] Under Federal Rule of Civil Procedure 17(b)(3), Mary-Anne's capacity to be sued as an attorney-in-fact is a question of New York law. Fed. R. Civ. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . for all other parties, by the law of the state where the court is located[.]"). While Milica alleges Mary-Anne's appointment as attorney-in-fact was "defective," (*see* Compl. ¶¶ 13–14), that does not resolve the question of jurisdiction. The two inquiries—whether a party is a proper defendant and the citizenship of that party—are related, but distinct. *Cf. Airlines Reporting Corp.*, 58 F.3d at 862 n.4 ("The Supreme Court has noted that while there exists a '"rough symmetry" between the "real party in interest" standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy . . . the two rules serve different purposes and need not produce identical outcomes in all cases.' Thus, although ARC is a 'real party in interest' in the sense that this action properly may be maintained in ARC's name, ARC must establish it is the real party to this controversy for the purposes of determining diversity jurisdiction." (alteration in original) (citation omitted) (quoting *Navarro Sav. Ass'n*, 446 U.S. at 462 n.9). Here Milica has not alleged that Mary-Anne's "defective" appointment or "ultra vires" actions requires the Court to disregard her in determining whether diversity of citizenship exists; such an argument, in any event, would have no merit since Milica is seeking to recover from Mary-Anne for actions taken in her representative capacity. Having sought that relief, Milica cannot simultaneously disregard her status to lodge diversity in federal court.

Cir. 1995). For those acts, Mary-Anne is deemed to have Daniel's domicile, namely New York, not Connecticut, the domicile associated with her personal acts.

Although Milica has sued Mary-Anne as attorney-in-fact, she now claims that only Mary-Anne individually is the "real party in interest." (Pl.'s Mem. at 5). This assertion is belied by the allegations in the Complaint, which repeatedly makes allegations against Mary-Anne for her role in acting on Daniel's behalf and as Daniel's agent. (Compl. ¶¶ 14–25, 28–29, 39–44, 63). (Ultimately a party's pleadings, not their arguments, control. *See, e.g.*, *Enobakhare v. Robert Wood Johnson Univ. Hosp.*, No. 16-CV-1457, 2017 WL 434920, at *3 (D.N.J. Feb. 1, 2017) (adhering to allegations of plaintiff's citizenship in the complaint over contradictory arguments about his citizenship raised in plaintiff's briefing and dismissing complaint for lack of diversity jurisdiction)). And Milica's claims, such as breach of fiduciary duty, are premised on Mary-Anne's actions as Daniel's agent, not her actions as a principal. *Cf. Airlines Reporting Corp.*, 58 F.3d at 862 (deeming a plaintiff collection agent to have the citizenship of those it represents because it was "a mere conduit for remedy owing to others, advancing no specific interests of its own"). That, according to the Complaint,[4] the 401(k) proceeds reside solely in Mary-Anne's individual and personal bank account does not mean that Mary-Anne is not being sued in a representative capacity. It permits Milica to pursue Mary-Anne individually to compel her to turn over the proceeds. But it

---

[4] In January 2020, Milica wrote to the Court to explain that Mary-Anne actually deposited the 401(k) proceeds into Daniel's account, then withdrew them, and ultimately deposited them into an account held by the Trust. (Letter dated Jan. 14, 2020, Dkt. No. 27). If this were true, the fact that the proceeds are in the Trust account require the claims to be against Mary-Anne in her capacity as Daniel's agent. She is not personally a Trust beneficiary and has no role with respect to the Trust except as a representative.

does not negate the existence of claims brought against her as Daniel's representative. The Court, therefore, must consider Daniel's residence in evaluating jurisdiction.

Thus, for the purposes of diversity jurisdiction, Mary-Anne, in her capacity as attorney-in-fact, is deemed to be a citizen of the state that Daniel was a citizen: New York. Since Mary-Anne is a citizen of both Connecticut and New York, and Milica is a citizen of New York, the Court respectfully recommends that this action be dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Handelsman*, 213 F.3d at 54–55; *SNH Med. Office Props. Tr.*, 2018 WL 3202075, at *1; *Aretakis*, 2014 WL 5499545, at *2.

The Trust

The citizenship of the Trust cannot be discerned from the pleadings. Therefore, even if Mary-Anne were solely a Connecticut citizen, the Court would lack subject matter jurisdiction because Milica failed to carry her burden of showing the citizenship of the Trust defendant.

In *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015–16 (2016), the Supreme Court held that a real estate investment trust ("REIT") created under Maryland law was a citizen of each of the states of its members. The REIT was a form of a "a variety of unincorporated entities that have little in common" with "traditional trust." *Id.* at 1016. A "traditional trust . . . establishes only a fiduciary relationship and . . . cannot sue or be sued in its own right." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017). For such traditional trusts, only "the citizenship of the trustees holding the legal right to sue on behalf of the trusts, not that of beneficiaries," "is relevant to jurisdiction." *Id.* at 730; *see, e.g.*, *U.S. Bank N.A. v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (adopting report and recommendation in relevant part) (affirming that

11

"an express New York common law trust," which cannot be sued or sue in its own name, is deemed to have the citizenship of its trustee). In contrast, trusts that are more akin to "unincorporated entities," and which can sue or be sued in their own right, have the citizenship of each of their members. *Americold*, 136 S. Ct. at 1016; *e.g.*, *SPV-LS, LLC v. Bergman*, No. 15-CV-6231, 2019 WL 2257244, at *16–17 (E.D.N.Y. Jan. 14, 2019) (finding that Delaware statutory trust, an unincorporated association under Delaware law, has the citizenship of its membership), *report and recommendation adopted*, 2019 WL 1552914 (Apr. 10, 2019).

Milica has not made any factual allegations about the Trust—for example, whether it is a "traditional" trust or unincorporated association, or which law governs its operation. It is, thus, impossible to determine its citizenship. *E.g.*, *SPV-LS, LLC*, 2019 WL 2257244, at *17–18 (recommending dismissal where plaintiffs failed to demonstrate the citizenship of a statutory trust); *SNH Med. Office Props. Tr.*, 2018 WL 3202075, at *1 (holding that, where plaintiff business trust failed to allege the citizenship of its members, which would in turn establish its own citizenship for the proposes of diversity, "the allegations in the complaint appear insufficient to plead diversity jurisdiction").

This constitutes an independent basis to dismiss the action. Because Milica has failed to demonstrate the citizenship of the Trust, the Court cannot conclude that complete diversity exists and that jurisdiction over the action pursuant to 28 U.S.C. § 1332 is proper.

## CONCLUSION

First, Milica, a New York citizen, brings state-law claims against Mary-Anne in her capacity as "attorney-in-fact" for Daniel, in which capacity she is a New York citizen. Because two adversarial parties are citizens of the same state, complete diversity is

lacking and this Court lacks subject-matter jurisdiction. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within [28 U.S.C. § 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as defendant."). Second, and independently, Milica has failed to demonstrate the citizenship of the Trust and has thus not met her burden to establish that the Court has jurisdiction. Thus, this Court respectfully recommends that this case be dismissed for lack of subject-matter jurisdiction.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara* November 25, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York